STATE OF WISCONSIN            CIRCUIT COURT            WAUKESHA COUNTY

**BOHREN**

KOHL'S DEPARTMENT STORES, INC.
N56 W17000 Ridgewood Drive                SUMMONS
Menomonee Falls, WI 53089                                **09CV03238**

                                    Plaintiff,              Case No.:
                                                           Case Code:

v.

                                                           Money Judgment
PERKOWITZ & RUTH ARCHITECTS                                Amount Claimed is greater than $5,000
111 West Ocean Blvd., 21st Floor
Long Beach, CA 90802,

and

SD DEACON CORP. OF CALIFORNIA                              **RECEIVED**
7745 Greenback Lane, Suite 250                             AUG 2 4 2009
Citrus Heights, CA 95610        **CLERK OF COURTS**        WLB-RWC

and
                                  AUG 1 4 2009
W.L. BUTLER CONSTRUCTION, INC.
204 Franklin Street             THIS IS AN AUTHENTICATED COPY OF AN
Redwood City, CA 94063          ORIGINAL DOCUMENT FILED IN THE CLERK
                                OF COURTS OFFICE WAUKESHA COUNTY.

                                    Defendants.

---

THE STATE OF WISCONSIN

To each person named above as Defendant:

        You are hereby notified that the Plaintiff named above has filed a lawsuit or other action

against you.

        Within forty-five (45) days of receiving this summons, you must respond with a written

demand for a copy of the complaint. The demand must be sent or delivered to the court, whose

address is:

                                Clerk of Courts
                                Waukesha County Courthouse
                                515 West Moreland Boulevard
                                Waukesha, Wisconsin, 53188

Page 5 of 19 received on 8/28/2009 5:14:21 PM [Eastern Daylight Time] on server SPR1FRFX ID CNC4A9812DF6FS7

and to Plaintiff's attorney:

Antonio P. Catalano
Legal Counsel
Kohl's Department Stores, Inc.
N56 W17000 Ridgewood Drive
Menomonee Falls, Wisconsin, 53051

You may have an attorney help or represent you.

If you do not provide a proper answer to the complaint within forty-five (45) days, the court may grant judgment against you for the ward of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated _____14th_____ day of August, 2009.

KOHL'S DEPARTMENT STORES, INC.

By:_____
ANTONIO P. CATALANO
Legal Counsel
State Bar Member No.: 1055100

2

STATE OF WISCONSIN  CIRCUIT COURT  WAUKESHA COUNTY

KOHL'S DEPARTMENT STORES, INC.
N56 W17000 Ridgewood Drive
Menomonee Falls, WI 53089

                   Plaintiff,

v.

PERKOWITZ & RUTH ARCHITECTS
111 West Ocean Blvd., 21st Floor
Long Beach, CA 90802,

and

SD DEACON CORP. OF CALIFORNIA
7745 Greenback Lane, Suite 250
Citrus Heights, CA 95610

and

W.L. BUTLER CONSTRUCTION, INC.
204 Franklin Street
Redwood City, CA 94063

                   Defendants.

Complaint

**09CV03238**

Case No.:
Case Code:

Money Judgment
Amount Claimed is greater than $5,000

CLERK OF COURTS

AUG 1 4 2009

THIS IS AN AUTHENTICATED COPY OF AN ORIGINAL DOCUMENT FILED IN THE CLERK OF COURTS OFFICE WAUKESHA COUNTY.

---

## COMPLAINT

---

The above-named Plaintiff, by its Legal Counsel, Antonio P. Catalano, alleges as follows:

1. Plaintiff, Kohl's Department Stores, Inc. ("Kohl's), is a Delaware corporation authorized to do business in the State of Wisconsin, with its principal place of business located at N56 W17000 Ridgewood Drive, Menomonee Falls, Wisconsin, and is engaged in the business of operating retail stores throughout the United States.

2. The Defendant, Perkowitz & Ruth Architects ("P&R"), upon information and belief, is a California corporation with its principal place of business located at 111 West Ocean

1

Boulevard, 21st Floor, Long Beach, California and is engaged in the business of architecture services.

3. The Defendant, S.D. Deacon Corp. of California ("S.D. Deacon"), upon information and belief, is a California corporation with its principal place of business located at 7745 Greenback Lane, Suite 250, Citrus Heights, California and is engaged in the business of general contractor and construction services.

4. The Defendant, W.L. Butler Construction, Inc. ("W.L. Butler"), upon information and belief, is a California corporation with its principal place of business located at 204 Franklin Street, Redwood City, California and is engaged in the business of general contractor and construction services.

5. Kohl's contracted with P&R to provide architectural services relating to the construction of five Kohl's retail buildings located in Vallejo, California; Yorba Linda, California; Pleasanton, California; Modesto, California; and Yuba City, California ("Kohl's Stores") including the preparation of construction documents consisting of drawings, designs and specifications setting forth the detail and requirements for the construction of the aforementioned projects.

6. Kohl's contracted with S.D. Deacon to provide general contractor and construction services relating to the Kohl's retail buildings located in Pleasanton, California; Modesto, California; and Yuba City, California.

7. Kohl's contracted with W.L. Butler to provide general contractor and construction services relating to the Kohl's retail buildings located in Vallejo, California and Yorba Linda, California.

_(Ground up)_

_(Remodel)_

8. That in association with the architectural design, specification and construction of the Kohl's Stores, P&R, S.D. Deacon, and W.L. Butler were responsible for services including but not limited to the installation, adherence, construction, specification, and

2

design of the Thin Brick Façade ("Thin Brick") that was to be adhered to the Kohl's Stores.

9. That after construction of the Kohl's Stores was completed, the Thin Brick at the Kohl's Stores began to come loose, crack, and in some instances detach completely from the structure causing a health and safety concern for Kohl's employees and patrons.

10. Kohl's has incurred and will incur substantial expenses in addressing the issues at the Kohl's Stores and the approximately twenty other Kohl's locations which contain Thin Brick that were designed and constructed by the Defendants.

## COUNT I

## NEGLIGENCE- P&R

11. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 10 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

12. P&R failed to exercise reasonable care in providing architectural services including but not limited to the preparation of the drawings and specifications setting forth the detail and requirements for the construction of the aforementioned Kohl's Stores including the construction, installation, and adherence of the Thin Brick to the Kohl's Stores.

13. It was reasonably foreseeable that Kohl's would rely upon the architectural drawings and specifications setting forth the detail, specifications and requirements for the design and construction of the aforementioned Kohl's Stores including the construction, adherence and installation of the Thin Brick to the Kohl's Stores.

14. P&R breached its duty by negligently and improperly designing and providing specifications and construction documents for the construction of the Kohl's Stores including the construction, adherence and installation of the Thin Brick to the Kohl's

3

Stores and the resultant damages sustained by the Kohl's were caused by reason of the negligence on the part of P&R, its agents, servants, and/or employees.

15. As a result of the above-mentioned negligence, Kohl's has suffered substantial damages.

16. P&R is liable for all damages caused by its negligence.

## COUNT II

## BREACH OF CONTRACT- P&R

17. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 16 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

18. That P&R and Kohl's entered into an agreement, wherein and whereby in exchange for certain consideration by Kohl's, P&R was to perform architectural services for the construction of the Kohl's Stores, which services included but was not limited to, designing and providing drawings, specifications and construction documents for the construction of the Kohl's Stores including the construction, adherence and installation of the Thin Brick to the Kohl's Stores.

19. Kohl's duly performed all the terms and conditions of the agreement.

20. P&R breached its obligations under the agreement to fully and properly perform the terms and conditions of the agreement on its part in that, among other things, providing deficient plans, drawings and specifications for the construction, adherence and installation of the Thin Brick to the Kohl's Stores.

21. As a result of P&R's breach, Kohl's has suffered substantial damages.

22. P&R is liable for all damages caused by its breach.

4

## COUNT III

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING- P&R

23. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 22 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

24. Under the architecture agreement P&R had responsibilities to properly prepare and administer drawings and specifications setting forth the proper and accurate detail and requirements for the construction, adherence and installation of the Thin Brick to the Kohl's Stores.

25. P&R had a duty of good faith and fair dealing to Kohl's in the execution of P&R's responsibilities and duties.

26. P&R breached its duty of good faith and fair dealing with Kohl's.

27. As a result of P&R's breach, Kohl's has suffered substantial damages.

28. P&R is liable for all damages caused by its breach.

## COUNT IV

## BREACH OF WARRANTY- P&R

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 28 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

30. That P&R warranted, among other things, that the architecture services would be performed with the care and skill exercised by members in the same profession.

31. That Kohl's was induced to rely and did rely upon P&R's warranties.

32. That P&R breached those warranties in that the services provided were not of care and skill exercised by members in the same profession.

33. As a result of P&R's breach, Kohl's has suffered substantial damages.

5

34. P&R is liable for all damages caused by its breach.

## COUNT V

## NEGLIGENT MISREPRESENTATION- P&R

35. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 34 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

36. That P&R expressly and impliedly represented that they were architects with expertise in the retail sector and would perform the terms of the architecture agreement as such.

37. That Kohl's was induced to rely and did rely upon P&R's representations in that Kohl's demanded and expected a specialist with expertise in architectural services to design a retail location suitable for its needs and business purposes.

38. That P&R's representations were negligently and fraudulently made as to itself and its capabilities in the architecture business, in that its performance under the terms of the agreement did not amount to the quality and workmanship of a specialist as it held itself out to the Plaintiff, and were intended to deceive Plaintiff.

39. As a result of P&R's breach, Kohl's has suffered substantial damages.

40. P&R is liable for all damages caused by its breach.

## COUNT VI

## NEGLIGENCE- S.D. DEACON

41. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 40 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

42. S.D. Deacon, its agents, servants and/or employees negligently and improperly constructed, adhered and installed the Thin Brick at the Kohl's Pleasanton, California; Modesto, California; and Yuba City, California locations.

8

43.     As a result of the above-mentioned negligence, Kohl's has suffered substantial damages.

44,     S.D. Deacon is liable for all damages, caused by its negligence.

### COUNT VII

### BREACH OF CONTRACT- S.D. DEACON

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 44 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

46.     That S.D. Deacon and Kohl's entered into a construction agreement, wherein and whereby in exchange for certain consideration by Kohl's, S.D. Deacon was to perform general contractor and construction work at Kohl's Pleasanton, California; Modesto, California; and Yuba City, California locations, which work included but was not limited to the installation, adherence and construction of the Thin Brick at the above mentioned Kohl's locations.

47.     Kohl's duly performed all the terms and conditions of the construction agreement.

48,     S.D. Deacon breached its obligations under the construction agreement by failing to fully and properly install, adhere and construct the Thin Brick at the above mentioned Kohl's locations.

49,     S.D. Deacon neglected and refused to fully and properly perform the terms and conditions of the contract on its part in that, among other things, it failed to perform its duties in a diligent and professional manner, failed to retain competent and professional sub-contractors, failed to properly supervise the work, failed to properly inspect the work, failed to perform duties in a workmanlike manner, and failed to ensure that it used and provided goods and equipment that were free of defect and of sufficient quality to do the job for which it was intended.

50.     As a result of S.D. Deacon's breach, Kohl's has suffered substantial damages.

7

51. S.D. Deacon is liable for all damages caused by its breach.

## COUNT VIII

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING- S.D. DEACON

52. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 51 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

53. Under the agreement S.D. Deacon had responsibilities to properly construct, adhere and install the Thin Brick at Kohl's Pleasanton, California; Modesto, California; and Yuba City, California locations.

54. S.D. Deacon had a duty of good faith and fair dealing to Kohl's in the execution of S.D. Deacon's responsibilities and duties.

55. S.D. Deacon breached its duty of good faith and fair dealing with Kohl's.

56. As a result of S.D. Deacon's breach, Kohl's has suffered substantial damages.

57. S.D. Deacon is liable for all damages caused by its breach.

## COUNT IX

## BREACH OF WARRANTY- S.D. DEACON

58. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 57 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

59. That S.D. Deacon expressly and impliedly warranted, among other things, that the general contractor and construction services would be free from defects not inherent in the quality required and permitted.

60. That Kohl's was induced to rely and did rely upon S.D. Deacon's warranties.

61. That S.D. Deacon breached those warranties in that the work performed was not of a substantial workmanlike manner.

8

62. As a result of S.D. Deacon's breach, Kohl's has suffered substantial damages.

63. S.D. Deacon is liable for all damages caused by its breach.

### COUNT X

### NEGLIGENT MISREPRESENTATION- S.D. DEACON

64. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 63 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

65. That S.D. Deacon expressly and impliedly represented that they were constructors with expertise in the retail sector and would perform the terms of the construction agreement as such.

66. That Kohl's was induced to rely and did rely upon S.D. Deacon's representations in that Kohl's demanded and expected a specialist with expertise in construction to construct a retail location suitable for its needs and business purposes.

67. That S.D. Deacon's representations were negligently and fraudulently made as to itself and its capabilities in the construction business, in that its performance under the terms of the construction agreement did not amount to the quality and workmanship of a specialist as it held itself out to the Plaintiff, and were intended to deceive Plaintiff.

68. As a result of S.D. Deacon's breach, Kohl's has suffered substantial damages.

69. S.D. Deacon is liable for all damages caused by its breach.

### COUNT XI

### NEGLIGENCE- W.L. BUTLER

70. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 69 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

9

71. W.L. Butler its agents, servants and/or employees negligently and improperly constructed adhered and installed the Thin Brick at the Kohl's Vallejo, California and Yorba Linda, California locations.

72. As a result of the above-mentioned negligence, Kohl's has suffered substantial damages.

73. W.L. Butler is liable for all damages, caused by its negligence.

## COUNT XII

## BREACH OF CONTRACT- W.L. BUTLER

74. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 73 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

75. That W.L. Butler and Kohl's entered into a construction agreement, wherein and whereby in exchange for certain consideration by Kohl's, W.L. Butler was to perform general contractor and construction work at Kohl's Vallejo, California and Yorba Linda, California locations, which work included but was not limited to the installation, adherence and construction of the Thin Brick at the above Kohl's locations.

76. Kohl's duly performed all the terms and conditions of the agreement.

77. W.L. Butler breached its obligations under the agreement by failing to fully and properly install, adhere and construct the Thin Brick at the above Kohl's locations.

78. W.L. Butler neglected and refused to fully and properly perform the terms and conditions of the contract on its part in that, among other things, it failed to perform its duties in a diligent and professional manner, failed to retain competent and professional sub-contractors, failed to properly supervise the work, failed to properly inspect the work, failed to perform duties in a workmanlike manner, and failed to ensure that it used and provided goods and equipment that were free of defect and of sufficient quality to do the job for which it was intended.

10

79. As a result of W.L. Butler's breach, Kohl's has suffered substantial damages.

80. W.L. Butler is liable for all damages caused by its breach.

## COUNT XIII

## BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING- W.L. BUTLER

81. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 80 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

82. Under the construction agreement W.L. Butler had responsibilities to properly construct, adhere and install the Thin Brick at Kohl's Vallejo, California and Yorba Linda, California locations

83. W.L. Butler had a duty of good faith and fair dealing to Kohl's in the execution of W.L. Butler's responsibilities and duties.

84. W.L. Butler breached its duty of good faith and fair dealing with Kohl's.

85. As a result of W.L. Butler's breach, Kohl's has suffered substantial damages.

86. W.L. Butler is liable for all damages caused by its breach.

## COUNT XIV

## BREACH OF WARRANTY- W.L. BUTLER

87. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 86 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

88. That W.L. Butler expressly and impliedly warranted, among other things, that the general contractor and construction services would be free from defects not inherent in the quality required and permitted.

89. That Kohl's was induced to rely and did rely upon W.L. Butler's warranties.

11

90. That W.L. Butler breached those warranties in that the work performed was not of a substantial workmanlike manner.

91. As a result of W.L. Butler's breach, Kohl's has suffered substantial damages.

92. W.L. Butler is liable for all damages caused by its breach.

## COUNT XV

## NEGLIGENT MISREPRESENTATION- W.L. BUTLER

93. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered 1 through 92 of the complaint herein, with the same force and effect as if here fully and completely set forth at length.

94. That W.L. Butler expressly and impliedly represented that they were constructors with expertise in the retail sector and would perform the terms of the construction agreement as such.

95. That Kohl's was induced to rely and did rely upon W.L. Butler's representations in that Kohl's demanded and expected a specialist with expertise in construction to construct a retail location suitable for its needs and business purposes.

96. That W.L. Butler's representations were negligently and fraudulently made as to itself and its capabilities in the construction business, in that its performance under the terms of the construction agreement did not amount to the quality and workmanship of a specialist as it held itself out to the Plaintiff, and were intended to deceive Plaintiff.

97. As a result of W.L. Butler's breach, Kohl's has suffered substantial damages.

98. W.L. Butler is liable for all damages caused by its breach.

12

**WHEREFORE**, Kohl's requests the following:

I.    On Counts I-V, that this Court enter judgment in its favor against P&R in an amount that is reasonable plus interest at the statutory rate to the date of judgment, along with attorney's fees, the costs and disbursements of this action and any other relief the Court may deem just and equitable.

II.   On Counts VI-X, that this Court enter judgment in its favor against S.D. Deacon in an amount that is reasonable plus interest at the statutory rate to the date of judgment, along with attorney's fees, the costs and disbursements of this action and any other relief the Court may deem just and equitable.

III.  On Counts XI-XV, that this Court enter judgment in its favor against W.L. Butler in an amount that is reasonable plus interest at the statutory rate to the date of judgment, along with attorney's fees, the costs and disbursements of this action and any other relief the Court may deem just and equitable.

Dated this _14th_ day of August 2009.

KOHL'S DEPARTMENT STORES, INC.

By: _____

ANTONIO P. CATALANO
Legal Counsel
State Bar Member No.: 1055100

ADDRESS
N56 W17000 Ridgewood Drive
Menomonee Falls, WI 53051
Telephone: (262) 703-7706
Facsimile: (262) 703-7274

13