# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

KOHL'S DEPARTMENT STORES, INC.,

        Plaintiff,

v.                                                                Case No. 10-CV-378

PERKOWITZ & RUTH ARCHITECTS,
SD DEACON CORP. OF CALIFORNIA,
and W.L. BUTLER CONSTRUCTION, INC.

        Defendants.

_____

# ORDER

On August 14, 2009, plaintiff Kohl's Department Stores, Inc. ("Kohl's") filed a Complaint against all defendants in Waukesha County Circuit Court. In its complaint, the plaintiff alleges four state law claims against the defendants: 1) negligence; 2) breach of contract; 3) breach of good faith and fair dealing; and 4) negligent misrepresentation. (Docket #'s 1-4). Defendants, Perkowitz & Ruth Architects ("P&R"), SD Deacon Corp. of California ("Deacon"), and W.L. Butler Construction, Inc. ("Butler"), removed the action on April 30, 2010, to the U.S. District Court for the Eastern District of Wisconsin, alleging diversity jurisdiction under 28 U.S.C. § 1332(a) as the grounds for removal and claiming the case had become removable only eight days earlier, when defendants ascertained with legal certainty that the amount in controversy exceeded $75,000. (Docket #2). Plaintiff, however, argues that defendants' notice of removal was untimely and has filed a Motion to Remand to State Court. (Docket #12). Upon consideration of the parties' briefs on

this matter, the court concludes that defendants' notice of removal was untimely and thus grants plaintiff's motion to remand.

**DISCUSSION**

**A.     Removal and Diversity Jurisdiction**

Removal is proper if, at the time of removal, the case could be filed in federal court and notice of removal is timely filed. 28 U.S.C. § 1441. In this case, diversity jurisdiction provided the alleged ground for removal. Federal diversity jurisdiction exists where there is a civil matter between citizens of different states and the matter in controversy exceeds $75,000. 28 U.S.C. § 1332. The parties have stipulated that diversity of citizenship is not at issue and the court agrees. The core determination for the court concerns the amount in controversy requirement and whether the defendants timely filed their notice of removal.

**B.     Timeliness of Removal**

Removal of a civil action is timely if a notice of removal is "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based." 28 U.S.C. § 1446(b). However, if the initial pleading does not state a case that is removable, the thirty-day clock does not begin running until a defendant receives "a copy of an amended pleading, motion, order or other paper" from which it can determine that the case is removable. *Id.*

1.  **The Initial Pleading**

Here, Kohl's first contends that defendants did not timely remove the case under 28 U.S.C. § 1446(b) because defendants knew the matter was removable when they were served with plaintiff's original complaint in August of 2009. (Pl.'s Br. 2, 4). Kohl's admits that its complaint did not specify the amount of damages sought. (Pl.'s Br. 4). Yet, Kohl's claims that the nature of the allegations within the complaint contained enough "conspicuous clues" to put the defendants on notice that the amount in controversy exceeded $75,000 and, as such, the case was removable. (Pl.'s Br. 4) Accordingly, Kohl's urges the court to hold that the thirty-day period for removal starts when removal is "intelligently ascertainable" from the complaint. (Pl.'s Br. 4).

I.  **Standard of Review**

The Seventh Circuit is unclear as to what triggers the thirty-day removal clock under 28 U.S.C. § 1446(b) in cases, like this one, where the state court complaint fails to specify the amount of damages sought by the plaintiff. Some district courts in the Seventh Circuit have held the clock begins to tick at the defendant's receipt of the complaint, provided that a "reasonable and commonsense reading" of the allegations indicates that the plaintiff is seeking over the federal jurisdictional amount. *See, e.g., Morrow v. DaimlerChrysler Corp.*, 451 F. Supp. 2d 965, 968 (N.D. Ill. 2006); *see also Vanderwerf v. Planet Eclipse, Ltd.,* 2008 U.S. Dist. LEXIS 88947, 5-7 (W.D. Wis. Oct 25, 2008) (holding the removal clock begins to run when removal

is "intelligently ascertainable" or when the initial pleading contains "conspicuous clues" that removal under diversity jurisdiction is a likely possibility); *see also Gallo v. Homelite Consumer Prod.*, 371 F. Supp. 2d 943, 947-49 (N.D. Ill. 2005); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939, 941-43 (N.D. Ill. 2002). Other district courts have found that the thirty-day removal clock does not begin to run until a defendant is able to ascertain the amount in controversy more definitely. *See Landacre v. Chantal*, 2007 WL 2564080, at *4 (S.D. Ill. Sept.4, 2007) (commending defendants for waiting to remove a case until they acquired "competent proof" of the damages sought); *see also Turner v. Goodyear Tire & Rubber Co.*, 252 F. Supp. 2d 677, 680 (N.D. Ill. 2003) (advising against permitting removal when subject-matter jurisdiction is only suspected); *Kiddie Rides USA, Inc. v. Elektro-Mobiltechnik*, 579 F.Supp. 1476, 1478-79 (C.D. Ill. 1984) ("the time period for seeking removal begins to run when the Defendant receives a pleading from which he can clearly ascertain that the action is removable.").

The defendants urge the court to subscribe to the bright-line approach followed in the majority of other jurisdictions that have addressed the issue. These jurisdictions have found that the interests of judicial efficiency and certainty require that the thirty-day time limit of section 1446(b) begins running upon receipt of the initial complaint *only* when the pleading *explicitly* discloses the plaintiff is seeking relief in excess of the federal jurisdictional amount. *In re Willis,* 228 F.3d 896, 897 (8th Cir. 2000); *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005);

*Lovern v. General Motors Corp.,* 121 F.3d 160, 162 (4th Cir. 1997); *Foster v. Mut. Fire, Marine & Inland Ins. Co.,* 986 F.2d 48, 53-54 (3d Cir. 1993)*; Tech HIlls II Assocs. v. Phoenix Home Life Mut. Ins. Co.,* 5 F.3d 963, 968 (6th Cir. 1993); *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 163 (5th Cir. 1992). Otherwise, these circuits reason, courts would be required "to inquire into what a particular defendant may or may not subjectively know." *Chapman,* 969 F.2d at 163. Such a bright-line rule also prevents the plaintiff from withholding its actual estimate of damages until after the thirty-day period has expired and avoiding removal to federal court. *In re Willis,* 228 F.3d at 897; *Lovern v. General Motors Corp.,* 121 F.3d at 162 (finding that "where details about grounds for removal are obscured or omitted, or indeed misstated, that circumstance makes case stated by initial pleading not removable").

The court is hesitant to adopt the bright-line rule because Wisconsin law does not allow a tort victim to specify the amount of money the pleader seeks in a pleading. Wis. Stat. § 802.02(1m)(a). Yet, this court is also reluctant to embrace the more ambiguous "conspicuous clue" or "intelligently ascertainable" standard proposed by the plaintiff because it may encourage defendants to engage in premature removals in order to ensure they do not waive their right to removal.[1] A

---

[1] The court is also mindful that a removing defendant bears the burden of supporting its jurisdictional allegations by "competent proof." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 542 (7th Cir.2006). This standard has been interpreted to mean a preponderance of the evidence or "proof to a reasonable probability that jurisdiction exists." *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir.1993); *see also Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 n. 2 (7th Cir.1993). Moreover, defendants risk payment of the plaintiff's costs and attorneys' fees if they remove a case improperly. *See* 28 U.S.C. § 1447(c).

more liberal standard also requires the court to inquire into what the defendant knew or should have known – a task complicated in this instance by the fact that the amount in controversy is an inherently subjective and contentious element of diversity jurisdiction. The removal statute itself also warns against delving into the subjective knowledge of the defendant. Section 1446(b) focuses on ascertaining removal from "the case stated by the initial pleading" and not what the defendant knew upon receipt. Accordingly, the court finds it sufficient to rely solely on the face of the initial pleading to determine when the defendants had notice of the grounds for removal. Though the court will not require the complaint to explicitly state that the amount of damages exceeds the jurisdictional amount for a case to be considered removable, the court finds that the thirty-day removal clock begins running upon receipt of the initial complaint only when defendants receive a pleading from which they can *clearly ascertain* that the action is removable.

### ii. Analysis

Here, the court finds that the defendants could not clearly ascertain from the initial pleading that the plaintiff sought damages in excess of $75,000. Kohl's argues that the nature of its allegations – substantial damage to five of its store locations stemming from the construction and architectural services provided by the defendants – made it abundantly clear that the amount in controversy exceeded

$75,000. (Pl.'s Br. 6).[2] On the other hand, defendants argue that property damages of the sort alleged by Kohl's can often be repaired for a minimal amount of money. (Defs.' Br. in Opposition 6-7). Thus, at the time the complaint was received by the defendants, it appears that a genuine disagreement over the amount in damages existed.

Moreover, a review of the complaint confirms that its allegations are not descriptive enough to give sufficient notice. In its complaint, Kohl's sets forth only two allegations that could be construed to put the defendants on notice that plaintiffs sought more than $75,000 in damages. First, the plaintiff alleged that Thin Brick Facade designed and erected by the defendants on the affected stores began to "come loose, crack, and in some instances detach completely from the structure." (Compl. ¶ 9) (Docket #1). Kohl's also alleged that it "has incurred and will incur substantial expenses" in addressing the Thin Brick issues. (Compl. ¶ 10). The court finds these allegations to be vague and ambiguous. They do not describe the nature or extent of the damages with any degree of certainty. Accordingly, the court finds that defendants could not clearly ascertain from the complaint that the case was removable. Therefore, the removal period did not begin upon the defendants' receipt of the initial complaint.

---

[2] The only other support Kohl's offers for its argument that the complaint clearly asked for more than $75,000, is a pre-suit letter it sent to P&R which estimated the cost of the work to be $100,000. (Pl.'s Br. 6). However, a pre-suit letter, either by itself or coupled with the complaint, cannot trigger the thirty-day removal period. *See Chapman,* 969 F.2d at 164.

### 2. Defendants' Motion to Dismiss

Alternatively, Kohl's argues that defendants knew the matter was removable and exceeded $75,000 when P&R filed a motion to dismiss in state court on November 6, 2009. Kohl's explains that, by citing to the parties' arbitration provision in its motion, the defendants not only acknowledged the terms of the provision, but also confirmed their understanding that plaintiff's claim for relief exceeded $75,000. (Pl.'s Br. 7-8). The arbitration provision provides that all claims under $100,000 shall be subject to arbitration. (Pl.'s Br. 7). Plaintiff reasons that because it filed its claims in court instead of submitting them to arbitration, the defendants, upon filing the motion to dismiss, confirmed their understanding of the arbitration provisions and, therefore, should have ascertained the claims not only exceeded $75,000, but also exceeded $100,000.

Based on the plain reading of 28 U.S.C. § 1446(b), the court rejects plaintiff's contention that the thirty-day clock commenced on November 6, 2009. Section 1446(b) provides that when an initial pleading does not state a removable case, the thirty-day clock does not begin running until a defendant *receives* "a copy of an amended pleading, motion, order or other paper" from which it can determine that the case is removable. 28 U.S.C. § 1446(b). On November 6, 2009, the defendants did not "receive" any document from which they could determine that the case was removable. Instead, the defendants filed a document with the state court. Moreover, the defendants' motion did not confirm that the defendants knew the amount in

controversy exceeded $75,000. In fact, the motion demonstrates quite the opposite. In the motion to dismiss, the defendants questioned the amount in controversy by arguing that the plaintiff's claims were premature because Kohl's failed to submit them first to arbitration, an argument premised on the fact that the claims were at least less than $100,000, if not also less than $75,000. Therefore, the thirty-day removal period did not commence on November 6, 2009.

### 3. State Court Ruling

Kohl's finally argues that if the court does not find the thirty-day removal period to have started in August or November of 2009, then it should find that the time for removal commenced no later than March 4, 2010, when the state court ruled on the defendants' motion. Kohl's contends that the state court's oral ruling, denying the defendants' argument for arbitration, made a definitive finding that Kohl's claims exceeded $100,000. (Pl.'s Br. 8). In contrast, defendants beseech this court to find that the state court used dismissal methodology in its ruling and merely made a "speculative inference in favor of the non-moving party that the amount in controversy exceeded $100,000," rather than an affirmative finding of fact. (Defs.' Br. 13). They urge the court to disregard plaintiff's argument characterizing the court's statements as a finding of fact as "undeveloped and perfunctory." (Defs.' Br. 13). The defendants further request this court to find that the thirty-day period commenced on April 23, 2010, when defendants received Kohl's responses to P&R's Requests to Admit. Defendants argue that Kohl's answers to P&R's

Requests to Admit were the first "other paper" to reveal that the amount in controversy exceeded $75,000. Therefore, defendants contend, that the Notice of Removal filed with this court on April 30, 2010, was within the thirty-day period.

The court agrees with plaintiff that § 1446(b)'s thirty-day limitations period commenced on March 4, 2010, when the state court made an oral ruling denying the defendants' motion to dismiss. The plain language of the second paragraph of § 1446(b) provides for commencement of the thirty-day removal clock when "a copy of an amended pleading, motion, *order* or other paper" is received by a defendant, through service or otherwise. 28 U.S.C. § 1446(b) (emphasis added). Thus, the statute specifically states that an *order* received by the defendants, from which they can ascertain that the case has become removable, triggers the removal clock. In Wisconsin, oral orders are effective as soon as they are announced in open court. *See State v. Malone*, 136 Wis.2d 250, 257, 401 N.W.2d 563, 566 (Wis. 1987); *see also* Wis. Stat. § 806.06(1)(d) ("A judgment is granted when given orally in open court on the record"). Accordingly, the fact that the March 4, 2010 ruling was oral instead of written does not alter the court's determination regarding the limitations period.[3]

---

[3] The court notes that 28 U.S.C. § 1446(b) refers to a "copy" of an amended pleading, motion, order or other paper. This choice of wording may indicate that Congress intended this removal provision only to apply to writings. However, even if this were so, defendants received copies of the state court's order reflecting its oral ruling on March 25, 2010. (Docket #1, Attach. #34). Therefore, the thirty-day removal clock, at the latest, began to run on that date. Thus, the time for removal expired five days before the defendants filed their joint petition for removal. As such, the defendants' notice of removal was still untimely.

Lastly, the court finds that the defendants could clearly have ascertained from the oral ruling that the case had become removable. The state court's oral ruling denying defendants' motion to dismiss was based, at least partially, on its finding that arbitration was permissive. This ruling inferred that the amount in controversy exceeded $100,000 – the amount stipulated to by the parties for when arbitration ceased to be mandatory. Indeed, the transcript of the state court proceeding confirms this. (Docket #22-2 at 57). The state court notes that it made this inference based on all the evidence before it. (Docket #22-2 at 57). Therefore, at the moment of this ruling, defendants were put on notice that the case was properly filed in state court – instead of being submitted to arbitration – because the plaintiff's claims exceeded $100,000. As such, this court finds that defendants should have known on March 4, 2010, based on the state court's oral order, that the plaintiff was seeking more than $100,000 in damages. Thus, defendants had until April 3, 2010, to file their notice of removal. They filed on April 30, 2010. Because defendants' notice of removal was untimely, the court is obliged to remand the matter to state court.

Accordingly,

**IT IS ORDERED** that plaintiff's Motion to Remand back to the Waukesha County Circuit Court (Docket #12) be and the same is hereby **GRANTED;** and

**IT IS FURTHER ORDERED** that defendants' Joint Motion to Transfer Case to U.S. District Court Eastern District of California (Docket #14) be and the same is hereby **DENIED** as moot.

The Clerk of Court is directed to take all appropriate and necessary steps to effectuate the remand back to the Waukesha County Circuit Court.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge